## GREEN & al. *vs.* BLAKE.

The plaintiffs claimed title under a devise from S. E. in 1829. The devisor's title was by purchase, in 1790, from a trustee licensed to make such sale, by the S. J. Court of *Massachusetts.* The tenant entered on the land in question under a contract to purchase of S. E. which had been rescinded in consequence of his, the tenant's, inability to fulfil it; — and within six years, in a suit brought by S. E. against one for cutting on this lot, he, the tenant, testified that he did not own the land, but held it as tenant under S. E. *Held* that though the antiquity of the deed from the trustee to S. E. furnished no sufficient reason for the non-production of the license — and though in an action between the heirs of the original *cestui que trust,* and the present demandants, a production of the license would be indispensable to the perfection of their title — yet, that under the circumstances of this case, the deed of the trustee to the demandants' testator, might be read without first producing the license.

A devise to A. & B. *as trustees,* and to *their heirs,* and to the survivor of them and his heirs, passes a *fee simple.*

THIS was a *writ of entry,* wherein the plaintiffs demanded a lot of land in *Standish* containing 100 acres. Plea, the general issue. On trial the demandants offered in evidence a deed of the demanded premises from *John King* to *Simon Elliot,* dated *April* 15, 1790, recorded *April* 5, 1791. As the deed purported to be made by said *King* as *trustee* for the purpose

of making sale of the estate of *Aaron Richardson*, deceased, by virtue of a license from the Supreme Judicial Court of *Massachusetts*, granted *August*, 1789, the defendant's counsel objected to its being read until a copy of the license was produced. But *Parris J*, who tried the cause, overruled the objection, and permitted the deed to be read.

The demandants then offered a copy of the will of *Simon Elliot*, dated *Sept.* 12, 1829, and approved *Jan.* 21, 1832, in which the demandants are named as executors. After several devises and bequests in said will to the demandants as trustees, there is the following, viz.: "I give to same trustees as are " above named, and their heirs, and the survivor of them, and " his heirs, all my residuary real estate, if any, in trust that they " shall improve the same" and appropriate the income thereof as therein particularly directed ; " provided, however, that the " said trustees may at any time sell the real estate aforesaid " for money or other personal property, holding, managing and " disposing thereof, in like manner as is provided concerning " my residuary personal estate in the preceding item of this " will."

The defendant's counsel objected that the demandants did not take a fee in the demanded premises by the said will, and was not entitled to recover on this evidence.

But the Judge overruled the objection, and instructed the jury that the verdict should be for the demandants, it being proved that the defendant was in possession at the time of bringing this action.

If the foregoing ruling and instructions were correct, judgment was to be rendered on the verdict, which was in favour of the demandants ; otherwise the verdict was to be set aside and a new trial granted.

There was also a question made as to the defendant's right to betterments. On this point it was in evidence from the testimony of several witnesses, that the tenant had said within six years that he held the land under *Elliot* the testator — and that he had once so testified in Court, in an action in which one *Dorset* was prosecuted by *Elliot*, for cutting timber on the demanded premises. It was further proved that the present de-

fendant testified in that action that he did not own the land, that he entered upon it by permission of *Theodore Mussey, Esq.* the agent of *Elliot*, and that his possession was under *Elliot* by virtue of a contract to purchase, which he, *Blake*, had not been able to fulfil, and that the contract had been given up because he could not make out the payments. To this there was no opposing testimony.

The cause was submitted without argument, by

*Longfellow*, for the defendant, and

*Fessenden & Deblois*, for the demandants.

The opinion of the Court was delivered by

MELLEN, C. J. — In this case the tenant does not pretend to have any title to the demanded premises ; and by the report of the Judge it appears that the principal question at the trial was, whether the possession of the tenant had been of such a character as to entitle him to obtain the value of his improvements made on the land ; and this question was decided against him. Two objections, made by the counsel for the tenant, against the right of the demandants to recover, have been submitted to the consideration of the Court. *First*, was the deed from *King* to *Elliot* admissible, unaccompanied with a copy of the alleged license from the Supreme Court of *Massachusetts*. *Second*, was the instruction of the Judge correct as to the nature of the estate devised by *Simon Elliot* to the trustees named in his will.

As to the first question, though the deed from *King* to *Elliot* was executed forty-three years ago, still, as the alleged license, if ever granted, is a matter of record, accessible to all, we do not think that the antiquity of the transaction furnishes a sufficient reason for the non-production of a copy of the license. *Harlow v. Pike*, 3 *Greenl.* 438 ; *Inman v. Jackson*, 4 *Greenl.* 237 ; *Brunswick v. McKeen*, 4 *Greenl.* 507. As a matter of *strict title*, we deem it necessary in the conveyance of the fee ; and in a trial between the heirs of *Richardson* and the present demandants, the license would be indispensable to the perfection of their title. But in the present case we think the non-production of it is no objection to the mainten-

Green & al. *v.* Blake.

ance of the action.   The deed was duly registered in *April*, 1791.   It is thus evidence of the nature and extent of *Elliot's* claim under it.   In addition to this, it appears he had appointed *Mussey* as his agent.   That he had prosecuted one *Dorset* for a trespass on the land, and had taken and held possession of the same under the deed, by his tenant, peaceably and undisturbed; and that this tenant was no other than the defendant himself, who is now disputing the title of his lessor.   *Elliot's* possession of the premises, thus obtained and continued, was sufficient to enable him to maintain a writ of entry against *any* stranger, and, *a fortiori*, against *Blake*.   It was a sufficient seisin for this purpose; and being thus seised, he was competent to devise the land, and his devisees can, in the same manner, and on the same principles, maintain such an action against one who has no title.   Even the possession of a *wrong-doer* is sufficient to maintain trespass or a writ of entry against one who enters upon him without any right.   These principles are an answer to the first objection.

As to the *second* objection, we are not able to perceive any solid foundation to sustain it.   The devise is to the demandants, as trustees, and to their heirs, and to the survivor of them and to his heirs.   This language would pass a fee simple, if used in a *deed;* and surely it does when used in a *will*.   The estate being devised to them *in trust*, does not affect the *amount* of interest devised.   The point is too plain to require any further observations in respect to it.   We are all of opinion that there must be

*Judgment on the verdict.*